[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13202
Non-Argument Calendar

_____

D. C. Docket No. 07-20583-CR-RWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL PENZO,
a.k.a. Feliberto Sanchez-Miranda,
a.k.a. Feliberto Sanchez Miranda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Penzo appeals his convictions for making a false statement in a passport application, in violation of 18 U.S.C. § 1542; making a false statement to a federal agent, in violation of 18 U.S.C. § 1001; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Penzo argues that the district court abused its discretion when it allowed Michelle Vega, an employee of the U.S. Department of State at the Miami Passport Agency, to opine that he spoke Spanish in a Dominican – and not a Puerto Rican – accent. Penzo claims that Vega's statement was not admissible as lay opinion testimony. He claims that the admission of Vega's testimony prejudiced his defense because the government's fraud case turned on whether he was from Puerto Rico.

We review the district court's admission of lay opinion testimony for an abuse of discretion. United States v. Cano, 289 F.3d 1354, 1363 n.23 (11th Cir. 2002). However, we reverse erroneous evidentiary rulings only if "the error was not harmless." United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir.1990). "[W]here an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." Id.

2

Testimony in the form of opinions or inferences, of a witness who is not testifying as an expert, "is limited to those opinions and inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. "[T]he opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation." United States v. Marshall, 173 F.3d 1312, 1315 (11th Cir. 1999). These perceptions may be interpreted in light of the witness' experience. See United States v. Myers, 972 F.2d 1566, 1577 (11th Cir. 1992).

We need not decide whether it was error to admit the disputed statements as lay opinion testimony because we readily conclude that, if the district court did err, the error was harmless. The government presented the following evidence. First, Special Agent Rey, from the Bureau of Diplomatic Security, testified regarding Penzo's interview at the Miami Passport Agency. Agent Rey stated that Penzo was unable to answer basic questions about Puerto Rico. Agent Rey also testified that at the beginning of the interview Penzo stated that his name was Feliberto Sanchez and that he was born in Puerto Rico. Later in the interview, Penzo stated that his name might be Manuel Penzo and that he might have been born in the Dominican

3

Republic. Penzo then signed a written statement affirming that he was born in the Dominican Republic.

Second, the government presented evidence that the social security number used by Penzo belonged to another individual. That individual – named Feliberto Sanchez-Miranda – testified at trial. Sanchez-Miranda stated that he had never met Penzo, nor given anyone permission to use his social security number.

Finally, Gilberto Bracero, an official from the Puerto Rico State Elections Commission, testified. Bracero examined the voter registration card Penzo submitted in support of his passport application. Bracero stated that there were inconsistencies in the card indicating that it could not have been issued by the State Elections Commission. He also testified that the electoral number on the card belonged to a young woman.

In light of this evidence, we conclude that Vega's disputed testimony did not have a substantial influence on the outcome of the trial and that sufficient evidence uninfected by error supports the verdict. Accordingly, we affirm Penzo's convictions.

AFFIRMED.[1]

---

[1] Penzo's request for oral argument is denied.